**Order entered January 9, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-00483-CR

### RONALD KARL SHERMAN JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 10**
**Dallas County, Texas**
**Trial Court Cause No. M1970682**

### ORDER

Appellant's brief is overdue. The brief was due September 30, 2022. We notified appellant's counsel on October 5, 2022, by postcard that the brief was overdue and directed counsel to file within ten days both appellant's brief and an extension motion. We cautioned counsel that if the brief and an extension motion were not filed, we would order the trial court to conduct a hearing. On October 17, 2022, appellant filed a motion for extension of time to file the brief, and on October 20, 2022, we ordered appellant to file the brief by November 17, 2022.

On November 28, 2022, appellant filed a second motion for extension of time to file the brief. On November 30, 2022, we ordered appellant to file the brief by December 19, 2022. We cautioned appellant that if he failed to file the brief by December 19, 2022, this Court might abate the appeal for a hearing in the trial court to determine why the brief has not been filed. As of the date of this order, neither the brief nor a further motion for extension has been filed.

The Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant has abandoned the appeal, or whether appointed counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Etta Mullin, Presiding Judge, County Criminal Court No. 10, Dallas County; and to counsel for all parties.

This appeal is **ABATED** to allow the trial court to comply with the above order. This appeal shall be reinstated when the record transmitted by the trial court is received or at such other time as the Court deems proper.

/s/    ERIN A. NOWELL
            JUSTICE